IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.                                                 15-MJ-2116 (HBS)

MICHAEL O'NEILL,

                Defendant.

## GOVERNMENT'S MEMORANDUM OF LAW
## REGARDING PRETRIAL DETENTION

The United States of America, by and through its attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, Assistant United States Attorney Frank T. Pimentel, of counsel, in accordance with the Court's Text Order of July 30, 2015 (Docket Entry ("DE") 5), files this memorandum of law concerning pretrial detention as it applies to the present case.

### I.    BACKGROUND

The defendant has been charged by criminal complaint with possessing a firearm[1] not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). (DE 1.) At his initial appearance, the government requested that he be detained pending trial. See 18 U.S.C. § 3142(a)(4). The Court deferred consideration of that motion until a hearing to be conducted on July 30, 2015. (See DE 3.) Subsequently, at the July 30 hearing, the defendant argued, among other things, that the government did not have "standing" to request pretrial detention and requested an

---

[1] The definition of "firearm" includes "a destructive device." See 26 U.S.C. § 5845(a), (f).

opportunity to brief the issue.  Accordingly, the Court again deferred consideration of the detention motion pending a hearing on August 5, 2015, and has now ordered briefing on the issue.  (DE 4, 5.)

## II.     ARGUMENT

A.     **Authorization to Request Pretrial Detention**

Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available pursuant to § 3142(e).  See 18 U.S.C. § 3142(a)(4).  In turn, the government is authorized to move for detention in cases involving certain types of offenses enumerated in § 3142(f)(1).  One such type of offense is "any felony that is not otherwise a crime of violence . . . that involves the possession . . . of a firearm or destructive device . . . ."  18 U.S.C. § 3142(f)(1)(E).  Subsection (f)(1)(E) was added to the Bail Reform Act in 2006.  Compare 26 § 3142(f)(1) (2005) with § 3142(f)(1)(E) (2006); see United States v. Mikula, No. 05-CR-144-S, 2006 U.S. Dist. LEXIS 89711, *3-4 (Dec. 10, 2006) ("A recent amendment to this statute [18 U.S.C. § 3142(f)] permits detention where a defendant is charged with 'any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm or destructive device.") (citing 18 U.S.C. § 3142(f)(1)(E)).  Accordingly, if the defendant is charged – as here – with possession of a destructive device, then the government is authorized to move for pretrial detention pursuant to § 3142(f)(1)(E).

B.     **The Offense Charges Possession of a Destructive Device**

At the July 30 hearing the defendant suggested that the device the defendant has been charged with possessing is not a destructive device.  This assertion is incorrect.

As explained in the affidavit attached to the Criminal Complaint, one of the devices that the defendant possessed – which the affidavit described as an "improvised explosive device" – was constructed of hard cardboard tubing, sealed ends, and a fuse, and was labeled, "Powder w/Nails." X-ray of the device revealed nails packed into the device. The device was then disassembled. Inside the device were multiple nails, BB's and suspected flash powder. (See DE 1.) This is a destructive device within the meaning of 26 U.S.C. § 5861(d). See United States v. Javino, 960 F.2d 1137, 1144 (2d Cir. 1992) ("crude varities of incendiary bombs are well known to be within the scope of the Act"); United States v. Bubar, 567 F.2d 192, 201 (2d Cir. 1977) ("Once the components were connected, in however crude a fashion, to form a new entity with destructive capabilities of its own and without a legitimate purpose, an incendiary 'device' within the meaning of § 5845(f) came into being."); United States v. Cruz, 492 F.2d 217, 219 (2d Cir. 1974) (destructive devices within the meaning of the National Firearms Act, 26 U.S.C. § 5801, et seq., are "devices inherently prone to abuse and for which there are no legitimate industrial uses").[2] As a result, the device at issue here is a "destructive device" within the meaning of 18 U.S.C. § 3142(f)(1)(E), making detention available.

**C.     Other Issues**

At the July 30 hearing the defendant cited United States v. Carter, 996 F. Supp 260 (W.D.N.Y. 1998), for the proposition that detention was not available in this case. The

---

[2] United States v. Posnjak, 457 F.2d 1110 (2d Cir. 1972), cited by the defendant at the July 30 hearing, is not to the contrary. Posnjak held that the possession of dynamite, a fuse and caps, taken alone, did not amount to possession of a "destructive device." Because those materials have legitimate use, and because § 5845(f) contemplates a device objectively meeting the criteria of the statute *independent of the user's intent*, the materials in that case did not constitute a "destructive device." See Bubar, 567 f.2d at 201. Here, the improvised explosive device at issue, which contains shrapnel in the form of nails and BBs, has no legitimate use. Accordingly, Posnjak has no application to the present case.

argument is incorrect. As explained above, § 3142(f)(1)(E) of the Bail Reform Act, which the government relies on here, was not added until 2006, well after Carter was decided. As a result, Carter, which addressed whether certain Title 18 charges were crimes of violence within the meaning of § 3142(f)(1)*(A)*, has absolutely no application to the present case.

Finally, the government is not alleging that any of the rebuttable presumptions described in 18 U.S.C. § 3142(e) apply.

### III.   CONCLUSION

For the reasons given above, pretrial detention under the Bail Reform Act is available in this case.

DATED: Buffalo, New York, August 4, 2015.

        WILLIAM J. HOCHUL, JR.
        United States Attorney

BY:   s/FRANK T. PIMENTEL
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716/843-5868
       Frank.T.Pimentel@usdoj.gov