UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

UNITED STATES OF AMERICA,

                                        Plaintiff,

            v.                                                          Case No. 15-MJ-2116

MICHAEL O'NEILL,

                                        Defendant.

───────────────────────────────────────


**MR. O'NEILL'S MEMORANDUM OF LAW**


                                   Respectfully submitted,


                                   */s/ Joseph M. LaTona*
                                   JOSEPH M. LaTONA

                                   Attorney for Defendant,
                                      MICHAEL O'NEILL
                                   Office and Post Office Address
                                   716 Brisbane Building
                                   403 Main Street
                                   Buffalo, New York  14203
                                   (716) 842-0416
                                   sandyw@tomburton.com

## PRELIMINARY STATEMENT

By text order dated July 30, 2015, the Court ruled that the parties should address various issues that were raised by defense counsel in court that day.

This memorandum is submitted on behalf of Michael O'Neill.

## STANDING

In order to move for detention, the prosecution must show that the charged offense is encompassed with in 18 U.S.C. §3142(f).  United States v. Dillard, 214 F.3d 88, 91, 104 (2d Cir. 2000); United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988); United States v. Carter, 996 F.Supp. 260, 265 (W.D.N.Y. 1998); United States v. Drake, 2005 WL 602381 (W.D.N.Y. 2005).

The prosecution must establish its standing by a preponderance of the evidence. Friedman, supra, at 49.

## FIREARM / DESTRUCTIVE DEVICE

The prosecution claims that its standing to move for detention is predicated upon 18 U.S.C. §3142(f)(1)(E).

That subdivision authorizes a detention motion for ". . . any felony that is not otherwise a crime of violence . . . that involves . . . the possession or use of a firearm or destructive device (as those terms are defined in §921), or any other dangerous weapon . . . ."

18 U.S.C. §921(a) sets forth the definition for the terms "firearm" and "destructive device."  The term "firearm" includes a "destructive device."  18 U.S.C. §921(a)(3).  It is submitted that a "destructive device" is the only "firearm" definition relevant to this case.

Section 921 also provides that a "destructive device shall <u>not</u> include any device which is neither designed nor redesigned for use as a weapon . . . ."  18 U.S.C. §921(a)(4)(C); *emphasis added*.  That same statutory exclusion is set forth at 26 U.S.C. §5845(f).

The Second Circuit in <u>United States v. Posnjak</u>, 457 F.2d 1110 (2d Cir. 1972), addressed the term "destructive device" as set forth in the above statutes.  The Second Circuit expressly recognized that that term was intended to apply only to items "for which Congress saw no legitimate uses."  457 F.2d at 1111, 1116.

The prosecution in <u>Posnjak</u> involved the possession and sale of 4,100 sticks of dynamite with unattached fuses and caps.  At trial, a prosecution expert testified that the use of dynamite by a farmer "to blow up a tree stump" would not constitute the use or possession of a "destructive device."  457 F.2d at 1112, n. 1.  The court examined the legislative history which clearly evidenced Congress' intent to exclude any "item" such as "dynamite" which would be used in "construction," mining or any other "business activities."  457 F.2d at 1115-1116.

Furthermore, the <u>Posnjak</u> court held that the "similar" device referenced in the pertinent definition did not necessarily encompass "products with some explosive power." 457 F.2d at 1116.  According to the Second Circuit, the "similar" device must be an article of "military ordinance" to constitute a "destructive device."  <u>Id</u>.

The court acknowledged that in determining whether the statutory exclusion applied, the rule of lenity should be followed.  457 F.2d at 1118.  Significantly, the Ninth Circuit has held that upon the assertion of the statutory exclusion defense, the prosecution would then

have to negate that defense beyond a reasonable doubt.  United States v. Oba, 448 F.2d 892, 894 (9th Cir. 1971); see also, United States v. Reindeau, 947 F.2d 32, 36 (2d Cir. 1991).

It is submitted that the prosecution has failed to establish by a preponderance of the evidence that the charged offense here falls within 18 U.S.C. §3142(f).

## PRESUMPTION

The alleged violation of Title 26, which is charged in this case, does not trigger a presumption in favor of detention.  18 U.S.C. §3142(e).

In fact, there is a statutory presumption in favor of Mr. O'Neill's release.  United States v. Sabhnani, 493 F.3d 63, 78 (2d Cir. 2007); see also, United States v. Persico, 376 Fed.Appx. 155 (2d Cir. 2010).

## UNITED STATES v. CARTER

The Court's text order commanded the parties to discuss Judge Feldman's decision in United States v. Carter, 996 F.Supp. 260 (W.D.N.Y. 1998).

The criminal complaint in Carter alleged that the defendant engaged in the interstate transportation of firearms without being licensed to do so.

The Carter prosecution involved "public notoriety" as it was alleged that one of the guns transported into Rochester was involved in the shooting of three Rochester police officers. 996 F.Supp. at 263, n. 2.

The prosecution sought detention in Carter as it alleged that his purported conduct constituted a "crime of violence."

3

Magistrate Feldman properly recognized that in the event these offenses did not constitute a "crime of violence," then the court was not empowered to conduct a detention hearing "no matter how dangerous or anti-social a defendant may be."  996 F.Supp. at 262; *citation omitted*.

In his "crime of violence" analysis, Magistrate Feldman held that the "categorical approach" would be followed.  Under this analysis, the reviewing court would be limited to "the nature of the offense charged."  Magistrate Feldman held that under this approach, he was unable to find that the alleged offense of possessing and transporting firearms in interstate commerce constituted a "crime of violence."  Based upon that finding, he denied the prosecution motion for a detention hearing.  996 F.Supp. at 265.

Significantly, although Magistrate Feldman recognized that Carter's alleged conduct "gave rise to a grave danger in our community," his analysis of the statute required that he deny the prosecution motion for a detention hearing.

## STATUTORY CONSTRUCTION

The specific subsection relied upon by the prosecution states that:

> ". . . any felony that is <u>not otherwise a crime of violence</u> that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in §921), or any other dangerous weapon, or involves a failure to register under §2250 of Title 18 United States Code . . . ;" *emphasis added.*

A fair reading of that subdivision indicates that the felony encompassed must involve violence.

Unless Congress intended to impose a violent crime component, the phrase "not otherwise a crime of violence" makes no sense whatsoever.  Obviously, had Congress not intended

4

to include a crime of violence component, it could have structured the subdivision to read as follows:

> ". . . any felony that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in §921), or any other dangerous weapon, or involves a failure to register under §2250 of Title 18 United States Code . . . ."

The correct interpretation requires that the charged offense have an element involving the use or attempted use of physical force against another individual or "property of another."  Alternatively, the offense would have to provide "by its nature" a substantial risk to person or property would be involved "in the course of committing the offense."

Magistrate Feldman's reasoning in <u>Carter</u> should be followed and the prosecution motion for a detention hearing should be denied.

## CONCLUSION

The prosecution motion for a detention hearing should be denied.

DATED:      August 4, 2015          Respectfully submitted,
                Buffalo, New York

                              */s/ Joseph M. LaTona*
                              JOSEPH M. LaTONA

                              Attorney for Defendant,
                                MICHAEL O'NEILL
                              Office and Post Office Address
                              716 Brisbane Building
                              403 Main Street
                              Buffalo, New York  14203
                              (716) 842-0416
                              sandyw@tomburton.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2015 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Frank T. Pimentel, Esq.**
**Assistant United States Attorney**

I further hereby certify that I  have mailed by United States Postal Service said document to the following non-CM/ECF participants:

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT